UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ROBERT F.[1], ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 2:21cv299 |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for a period of disability and Disability Insurance Benefits (DIB) as provided for in the Social Security Act. 42 U.S.C. § 423(a). Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability insurance benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental

---

[1] To protect privacy, Plaintiff's full name will not be used in this Order.

impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §423(d)(3).  It is not enough for a plaintiff to establish that an impairment exists.  It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity.  *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979).  It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff.  *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings. *Scott v. Astrue*, 734, 739 (7th Cir. 2011); 42 U.S.C. §405(g).  "Substantial evidence is defined as 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see also Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010).  "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2023.

2. The claimant engaged in substantial gainful activity during the following periods: 2016, 4th quarter 2018, and 3rd quarter 2019 (20 CFR 404.1520(b) and 404.1571 *et seq*.).

3. However, there has been a continuous 12-month period(s) during which the claimant did not engage in substantial gainful activity. The remaining findings address the period(s) the claimant did not engage in substantial gainful activity.

4. The claimant has the following severe impairments: an adjustment disorder with anxiety and depressed mood, and an autism spectrum disorder (ASD)/Asperger's (20 CFR 404.1520(c)).

5. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

6. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except the claimant is limited to occasional climbing ramps and stairs, and frequently balance, stoop, kneel, crouch, and/or crawl. The claimant can never climb ladders ropes or scaffolds. The claimant can occasionally finger bilaterally. The claimant can understand, remember and carry out simple instructions, he is able to make judgments commensurate with the functions of simple repetitive tasks, and he is able to respond appropriately to brief supervision and interactions with coworkers and work situations. Lastly, he is able to deal with changes in a routine work setting but the work cannot require fast-paced assembly type work, or work with an hourly or less quota requirement.

7. The claimant is capable of performing past relevant work as a cleaner (DOT #323.687-014; SVP 2; light, performed medium), and a production assembler (DOT #706.687-018; SVP 2; light). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

(Tr. 19- 28).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed his opening brief on May 16, 2022. On June 15, 2022, the defendant filed a

memorandum in support of the Commissioner's decision, to which Plaintiff replied on June 29, 2022. Upon full review of the record in this cause, this court is of the view that the ALJ's decision must be remanded.

A five-step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). From the nature of the ALJ's decision to deny benefits, it is clear that step four was the determinative inquiry.

In support of remand, Plaintiff argues that the ALJ erred by not properly evaluating the opinion of examining physician Therese Finn, M.D., when assessing his RFC. Because Plaintiff applied for benefits on or after March 27, 2017, the ALJ applied a new set of regulations for evaluating medical evidence that differs from prior regulations. *See, e.g.*, 20 C.F.R. § 404.1520c (2017) (explaining how an adjudicator considers medical opinions for claims filed on or after March 27, 2017).

Here, Plaintiff presented for a one-time neuropsychological examination with Dr. Finn in October 2019 (Tr. 371-75). At the examination, Plaintiff's sister and brother reported a history of head injury, reduced developmental milestones, trouble finding work, deficits in emotional maturity, the need for daily supervision, suicidal/homicidal ideations, decision-making difficulties, anxiety, and poor organization skills (Tr. 25, 371, 374). Upon examination, Dr. Finn observed tangential speech, a full-scale IQ of 77, concrete thought patterns, slow learning tendencies, and compromised motor skills (Tr. 25, 372-74). Dr. Finn concluded Plaintiff was incapable of working a full-time job, which the ALJ found unpersuasive because he opined it was based on the unsubstantiated reports of Plaintiff's sister and because it did not factor in Plaintiff's longstanding history of work (Tr. 25, 375). However, the ALJ included limitations to occasional fingering in the RFC based on Plaintiff's presentation with compromised fine motor skills during the exam (Tr. 23, 25, 372).

The Commissioner points out that conclusory statements about an individual's ability or inability to work are generally of minimal probative value in assessing that individual's RFC. 20 C.F.R. § 404.1520b. The Seventh Circuit has a longstanding history of affirming an ALJ's rejection of such statements, even if they are made by medical sources. *See e.g., Loveless v. Colvin*, 810 F.3d 502, 507 (7th Cir. 2016); *Dixon v. Massanari*, 270 F.3d 1171, 1177 (7th Cir. 2001); *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000).

Plaintiff, however, argues the ALJ's rationale for dismissing Dr. Finn's opinion is insufficient because the ALJ did not explain how Dr. Finn's conclusion was based on the subjective reporting of Plaintiff's siblings. The ALJ stated that Dr. Finn's report "appears to be based on the uncritical acceptance of the sister's/claimant's subjective claims, as the underlying

5

medical records…contain no objective basis for the alleged restrictions" (Tr. 25). Agency regulations require objective support for a medical opinion, and the Seventh Circuit has held that an ALJ is permitted to reject an opinion based on subjective complaints which lacks such support. 20 C.F.R. § 404.1520c(c)(1); *Ziegler v. Astrue*, 336 F. App'x 563, 569 (7th Cir. 2009) ("[T]he ALJ was entitled to give [examining psychiatrist] Dr. Bohon's opinion less weight because it was based only on Ziegler's self-reported symptoms.").

Here, however, Dr. Finn conducted a battery of neuropsychological tests on Plaintiff, and did not solely rely on Plaintiff's siblings' reports to reach her conclusions about Plaintiff's inability to function. The results of the tests are consistent with mental restrictions that the VE identified as disabling, and are objective evidence supporting Dr. Finn's opinion. (Tr. 371-75). Inexplicably, the ALJ failed to consider the results of these tests, on which Dr. Finn based her opinion. Thus, remand is warranted for a proper evaluation of Dr. Finn's opinion.

## Conclusion

On the basis of the foregoing, the decision of the Commissioner is hereby REVERSED and REMANDED for further proceedings consistent with this Opinion.

Entered: July 7, 2022.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court